Supreme Court, June, 1927.    [Vol. 129

Nellie Lyon and Cora Lyon Canning, Plaintiffs, v. Bethlehem Engineering Corporation and Another, Defendants.

Supreme Court, New York County, June 3, 1927.

**Injunction — injunction pendente lite to restrain maintenance and operation of electric sign on roof of building in New York city, advertising theatre, denied — detriment to defendants, which operation of sign, pending trial, would cause, is greater than to plaintiffs.**

Plaintiffs, who are among the owners of a building in New York city, will not be given an injunction *pendente lite* to restrain the maintenance and operation of an electric sign on the roof of the property, advertising a theatre, where the balancing of the slight detriment, if any, to plaintiffs, which the operation of this sign, pending the trial of the action, would cause, against the greater harm likely to be worked on defendants, warrants the relegation of the parties to a trial rather than to temporary injunctive relief.

Motion for injunction *pendente lite* to restrain maintenance and operation of electric sign.

*Smith, Reiher & Griffin* [*Dominic B. Griffin* of counsel], for the plaintiffs, for the motion.

*Alger & Coughlan* [*George W. Alger* of counsel], for the defendant Bethlehem Engineering Corporation, opposed.

*Harry G. Kosch,* for Roxy Theatres Corporation, opposed.

Levy, J.   This is a motion by some of the owners of the building at the southeast corner of Broadway and Fifty-first street for an injunction restraining *pendente lite* the erection, operation and maintenance on the roof of the property of an electric sign advertising Roxy's Theatre.   The basis of the application is the claim that the acts sought to be enjoined violate the provisions of the lease of the building, particularly those restricting the use of the premises to restaurants, stores, storerooms, offices, showrooms and salesrooms, and also those prohibiting structural alterations or additions to the property without the written consent of the landlord.   The affidavits are conflicting as to the alleged conversations, even if these were proper items of consideration, carried on during the negotiation of the lease, defendants claiming that it was expressly understood that the restrictions did not apply to the roof, and plaintiffs, on the the other hand, denying this.   Moreover, defendants urge that the terms of the lease are at least ambiguous and, therefore, are to be construed most favorably to the lessee, and in this connection they point to the fact that the use of the roofs of buildings in the theatrical

section of the city for the maintenance of electric signs is not only common but practically universal. I deem it unnecessary, however, to determine at this time whether the erection of the sign does actually violate the lease, in view of the fact that the sign has already been completed and is now being operated. Obviously, it is too late to restrain its erection. No mandatory injunction directing the removal of the sign is asked for, and even if it were, it would have to be denied on a motion of this character, especially since the condition of the equity calendar insures an early trial. All that remains to enjoin, therefore, is the operation of the sign pending the trial of the action.

The balancing of the slight detriment, if any, to plaintiffs which the operation of this sign during this period would cause against the greater harm likely to be worked the defendants, who have apparently erected the sign at a considerable cost in the belief that they were within their legal rights, impels me to refuse the demand for temporary injunctive relief and relegate the parties to a trial for a determination of this controversy.

The motion is denied.